FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 30 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 2010-1 SFG VENTURE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) |
| | ) NO. 1:10-cv-1020-TCB |
| EP MILWAUKEE, LLC; DOC MILWAUKEE II, LLC; SJ PROPERTIES SUITES, BUYCO, EHF; JOHN W. ECONOMOU; and STEVE J. ECONOMOU, | ) |
| | ) |
| Defendants. | ) |

# **O R D E R**

This is an action brought against various Defendants to recover the unpaid balance due on a promissory note that was issued to finance a commercial real estate project in Milwaukee, Wisconsin. It is now before the Court on the motion of Defendant SJ Properties Suites, Buyco ehf ("BuyCo") for reconsideration [40] of the Court's September 30, 2010 Order [38].[1]

---

[1] The relevant facts of this case are detailed in the Court's September 30 Order.

In its September 30 Order, the Court found that because BuyCo filed multiple motions to dismiss instead of one, it waived its defenses of lack of personal jurisdiction and improper venue. In particular, the Court found:

> Applying the plain language of Fed. R. Civ. P. 12(g)(2), BuyCo was required to join its defenses of lack of personal jurisdiction, failure to state a claim, and lack of venue in one consolidated motion, rather than filing three separate motions on each of these defenses. . . . Thus, the Court finds that pursuant to Fed. R. Civ. P. 12(h)(1), BuyCo has waived its defenses of lack of personal jurisdiction and improper venue, which it raised in its second and third motions to dismiss, respectively.

In its motion for reconsideration, BuyCo does not disagree with the Court's above conclusion. Instead, BuyCo maintains that the Court inadvertently overlooked its alternative motion for transfer of venue pursuant to 28 U.S.C. § 1404(a), which is not a Rule 12 defense and therefore is not subject to waiver pursuant to Fed. R. Civ. P. 12(h)(1). *See Dedely v. Watkins*, No. 87-3102, 1987 WL 25211, at *1-2 (E.D. Pa. Nov. 24, 1987) ("Because a § 1404(a) motion to transfer is not one of the motions enumerated in Rule 12(b), it is not governed by the requirement of consolidation and waiver of Rule 12(g) and (h).").

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Local Rule 7.2 provides that motions for

reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E, N.D. Ga. A party may move for reconsideration only when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

As the above standard illustrates, a party must carry a heavy burden to prevail on a motion for reconsideration. Nevertheless, BuyCo has successfully carried this burden because the Court did in fact err in not addressing its alternative motion to transfer pursuant to § 1404(a). Indeed, even Plaintiff 2010-1 SFG Venture, LLC ("Venture") does not dispute that the Court should have addressed the motion to transfer. Accordingly, because the issue has been fully briefed by the parties, the Court will now address BuyCo's motion to transfer.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." *See generally Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (concluding that the purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations omitted). Section 1404(a) "requires the court to consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." *Moore v. McKibbon Bros., Inc.*, 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998). In weighing these factors and deciding whether to transfer an action to another district, the district court enjoys broad discretion. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988).

BuyCo moves to transfer this action to the Eastern District of Wisconsin where there are four other lawsuits pending that arise out of the Milwaukee development project at issue in this action. It is undisputed that this action could have originally been brought in the Eastern District of Wisconsin.

In opposing the motion to transfer, Venture relies principally upon the presence of a permissive Georgia forum selection clause in the relevant loan documents. The Supreme Court has explained that when evaluating a

motion to transfer, "[t]he presence of a forum selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

However, it is undisputed that BuyCo did not sign the loan documents. As a general rule, a party who does not sign a contract is not bound to the terms of that contract. *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1169 (11th Cir. 2009). Nevertheless, Venture points out that the Eleventh Circuit has carved out an exception to this general rule, holding that a non-party may be bound to a forum selection clause if it is "'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir. 1988) (quoting *Hugel Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)).

Although Venture cites this exception, it has failed to persuade the Court that this exception applies here. Indeed, Venture cites no cases where this exception has been successfully invoked against a defendant who sought to avoid the application of a forum selection clause contained in an agreement that it did not sign. *Accord Gondolier Pizza Int'l, Inc. v. CRT Too, LLC*, No. 1:08-cv-1986-JEC, 2009 WL 3152183, at *7 n.11 (N.D. Ga. Sept. 29, 2009) ("Court has also read numerous cases that discuss the

'closely related' test in relation to the forum selection clause. It has seen no case in which the clause was enforced against a non-signing defendant."). Instead, Venture asserts in conclusory fashion that the exception should apply to BuyCo. Without a more specific showing on this issue, the Court is unwilling to bind BuyCo to the terms of a contract that it never signed.

In addition to the forum selection clause, Venture also argues that as Plaintiff in this case, its choice of forum should be entitled to deference. However, Venture is not a Georgia resident, none of the Defendants is a Georgia resident, and the project that the note was issued to finance is not located in Georgia.[2] Under such circumstances, Venture's choice of forum is entitled to minimal weight in the § 1404(a) analysis. *Accord Escobedo v. Wal-Mart Stores, Inc.*, No. 3:08-cv-105-CDL, 2008 WL 5263709, at *3 (M.D. Ga. Dec. 17, 2008).

Most significantly, the Court has carefully weighed the § 1404(a) factors and having done so finds that they point decisively in favor of transferring this action to the Eastern District of Wisconsin. It is

---

[2] The original plaintiff in this case—Specialty Finance Group, LLC ("SFG")—is a Georgia resident. SFG is a wholly-owned subsidiary of Silverton Bank, N.A., which is currently subject to an FDIC receivership in Delaware. The note at issue originally issued by SFG was sold to Venture, a New York entity. Thus, although the original Plaintiff in this action is a Georgia resident, the current Plaintiff prosecuting this action is not, thereby undercutting any interest that Georgia may have in this dispute.

undisputed that four related cases are pending in the Eastern District of Wisconsin before Judge Rudolph T. Randa. Indeed, SFG, the original Plaintiff in this action, and Defendants BuyCo, EP Milwaukee, LLC, John Economou, and Steve Economou are parties in cases before Judge Randa. The existence of related litigation in the Eastern District of Wisconsin leads the Court to conclude that it would be more convenient and efficient for the parties to litigate this action in that forum. Indeed, keeping all of these cases together in one court before a single judge will help to minimize the risk of inconsistent judgments. Finally, it appears that the majority of the relevant witnesses in this action reside in or near Wisconsin. In summary, the convenience of the parties and witnesses and the interests of justice all weigh in favor of transfer to the Eastern District of Wisconsin.

For all of these reasons, the Court GRANTS BuyCo's motion for reconsideration [40] and DIRECTS THE CLERK to transfer this action to Judge Randa in the Eastern District of Wisconsin.

IT IS SO ORDERED this 30th day of November, 2010.

_____
Timothy C. Batten, Sr.
United States District Judge